## DISCOVER BANK *v.* KEVIN P. HILL*

Superior Court, Judicial District of Ansonia-Milford
File No. CV-07-4007972

---

* Affirmed. *Discover Bank* v. *Hill*, 150 Conn. App. 164, 93 A.3d 159 (2014).

Memorandum filed August 6, 2012

*Daniel D. Skuret III*, for the third party plaintiff.

*Alex J. Martinez*, for the third party defendant.

HILLER, J. The third party plaintiff, Kevin Hill, brings this action sounding in civil fraud against the third party defendant, his ex-wife, Annapurna Duleep, seeking payment for debts that she allegedly incurred, but for which he was allegedly accountable. Specifically, the plaintiff alleges that the defendant fraudulently opened a credit card account with Discover Bank in his name, and then initiated a balance transfer, transferring $5000 of debt from her personal American Express card to the Discover card. The plaintiff further alleges that he was held liable for a cash reserve loan account that the defendant opened without his knowledge with Bank of America in the amount of $10,671.24 and that she used these funds for her personal use. In response, the defendant contends that the plaintiff's claims are barred by the applicable statute of limitations.

The dispositive issues in this case are: (1) whether the plaintiff's claims were timely filed within the three year statute of limitations set forth in General Statutes

§ 52-577;[1] (2) whether the statute of limitations has been tolled by the doctrine of fraudulent concealment; (3) whether the defendant is estopped from raising a statute of limitations defense; and (4) whether the plaintiff's Bank of America claim relates back to the Discover card claim for the purposes of the statute of limitations.

The parties were married in 1998. A complaint seeking dissolution of their marriage was filed in December, 2003, and a judgment dissolving their marriage and incorporating their separation agreement was rendered by the court on April 14, 2004. Between December, 2003, and the date of their divorce, April 14, 2004, the standard automatic court orders in divorce actions were in effect, including the order that neither party shall "go into unreasonable debt by borrowing money or using credit cards or cash advances." The parties did not reside together during that period.

It is undisputed that the defendant initiated the Discover card balance transfer. Moreover, the defendant does not dispute that the defendant opened the cash reserve loan and that the loan was connected to the parties' former joint checking account. Although both the Discover card and cash reserve loan existed as of the date that the parties divorced, they were not included in the defendant's financial affidavits. On November 27, 2007, the plaintiff served the defendant with a complaint seeking payment for the debt that she allegedly incurred on the Discover card. On January 15, 2008, the plaintiff filed an amended complaint, which added a second count seeking payment for the debt allegedly incurred from the cash reserve loan. In her amended answer, the defendant admits some of the material allegations, which will be set forth in detail below. The defendant

---

[1] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

raised the statute of limitations as a special defense. The plaintiff filed an amended reply to special defenses on January 5, 2012, alleging that the statute of limitations was tolled by the defendant's fraudulent concealment, raising the equitable doctrines of estoppel and waiver, and claiming indemnification pursuant to the parties' divorce decree.

The court heard the parties' evidence on two dates, January 5 and February 3, 2012. The court first heard from Marie MacPhail, a representative of the Bank of America, who testified as to the authenticity of the business records (bank statements) that were introduced as Plaintiff's Exhibits 1, 2, and 3. Most of the testimony was offered by the plaintiff. The defendant's mother testified briefly. The defendant did not testify. The court requested and received posttrial memoranda on May 31, 2012, June 29, 2012 and July 23, 2012. Additional facts are set forth below as necessary.

## ANALYSIS

### I

Both counts of the plaintiff's amended complaint sound in civil fraud, which is governed by the three year statute of limitations set forth in § 52-577. *Rosenblatt* v. *Berman*, 143 Conn. 31, 39, 119 A.2d 118 (1955). "Section 52-577 is a statute of repose in that it sets a fixed limit after which the tortfeasor will not be held liable and in some cases will serve to bar an action before it accrues. . . . The three year limitation period of § 52-577 . . . begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury. . . . The relevant date of the act or omission complained of, as that phrase is used in § 52-577, is the date when the negligent conduct of the defendant occurs and not the date when the plaintiffs first sustain damage. When conducting an analysis under

§ 52-577, the only facts material to the trial court's deci-sion . . . are the date of the wrongful conduct alleged in the complaint and the date the action was filed. . . . Ignorance of his rights on the part of the person against whom the statute has begun to run, will not suspend its operation. He may discover his injury too late to take advantage of the appropriate remedy. Such is one of the occasional hardships necessarily incident to a law arbitrarily making legal remedies contingent on mere lapse of time." (Citations omitted; internal quota-tion marks omitted.) *Piteo* v. *Gottier*, 112 Conn. App. 441, 445–46, 963 A.2d 83 (2009).

In the present case, with respect to the Discover card account, the defendant admits that she transferred $5000 of debt from her personal American Express card to the Discover card, which was in the plaintiff's name only. The evidence demonstrates that this balance transfer occurred on or about March 30, 2004. This claim against the defendant was commenced on Novem-ber 27, 2007. Accordingly, the plaintiff's Discover card claim against the defendant is time barred unless the statute has been tolled.[2]

With respect to the Bank of America cash reserve loan, the first statement indicating that a cash reserve loan had been opened and connected to the joint check-ing account covered the period between March 3, 2004 through April 5, 2004. The first activity with respect to this loan appears to have occurred on March 11, 2004, which indicated a "zero balance" on that date. By April 5, 2004, the balance on the cash reserve loan account

---

[2] There was considerable testimony and documentary evidence concern-ing the origination of the Discover card account, whether the information included on the application made in the plaintiff's name was accurate, and whether the plaintiff in fact made the application. None of that is material in light of the fact that the plaintiff admitted, as demonstrated by the credit card statements, that he also made a charge to the Discover account on August 3, 2004.

was approximately $8480. As of the statement ending November 3, 2004, the balance was $10,804.61. On January 13, 2005, the plaintiff attempted to use his debit card connected to his personal Bank of America checking account. It was declined and he went to an ATM and inquired about his available balance. He was surprised to find that his account balance was zero dollars. On January 14, 2005, upon further inquiry, the plaintiff discovered that Bank of America had transferred $10,671.24 from his personal account to pay the balance due and owing on the cash reserve loan account held by the defendant. Thus, the statute of limitations began to run, at the latest, on January 13, 2005, when $10,671.24 was transferred from the plaintiff's account. The plaintiff commenced this claim against the defendant on January 15, 2008, which is the date when the amended complaint was filed. Accordingly, the plaintiff's claim with respect to the cash reserve loan claim is also time barred unless the statute has been tolled.

## II

The plaintiff argues that the doctrine of fraudulent concealment tolls the statute of limitations with respect to both counts. General Statutes § 52-595 provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefore at the time when the person entitled to sue thereon first discovers its existence." "Our Supreme Court has stated that [t]o establish that the [defendant] had fraudulently concealed the existence of [the plaintiff's] cause of action and so had tolled the statute of limitations, the [plaintiff] had the burden of proving that the [defendant was] aware of the facts necessary to establish [the] cause of action . . . and that [the defendant] had intentionally concealed those facts from the [plaintiff]. . . . [Additionally], the [defendant's] actions must have been

directed to the very point of obtaining the delay [in filing the action] of which [the defendant] afterward [seeks] to take advantage by pleading the statute. . . . To meet this burden, it [is] not sufficient for the [plaintiff] to prove merely that it was more likely than not that the [defendant] had concealed the cause of action. Instead, the [plaintiff must] prove fraudulent concealment by the more exacting standard of *clear, precise and unequivocal evidence.*" (Emphasis added; internal quotation marks omitted.) *Byrne* v. *Burke,* 112 Conn. App. 262, 272, 962 A.2d 825, cert. denied, 290 Conn. 923, 966 A.2d 235 (2009).[3]

The first statement on the Discover account was dated May 10, 2004, and showed a balance originating out of a balance transfer from an American Express account on March 30, 2004, in the amount of $5000. This statement, and all subsequent statements in evidence, were mailed to and received by the plaintiff, and he made a number of payments on the Discover account. On April 11, 2005, the plaintiff filed an affidavit of identity theft with Discover, claiming that his ex-wife opened the account without his permission.

The plaintiff testified that upheaval in his personal life caused him to fail to inquire concerning the origin

---

[3] The plaintiff contends that, under certain circumstances, mere nondisclosure, rather than intentional concealment, is sufficient to establish fraudulent concealment. Our appellate courts have "not yet decided whether affirmative acts of concealment are always necessary to satisfy the requirements of . . . § 52-595." (Internal quotation marks omitted.) *Falls Church Group, Ltd.* v. *Tyler, Cooper & Alcorn, LLP,* 281 Conn. 84, 107, 912 A.2d 1019 (2007). Nevertheless, "federal case law [exists] suggesting that although fraudulent concealment generally requires an affirmative act of concealment, nondisclosure is sufficient when the defendant has a fiduciary duty to disclose material facts. . . . [A] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." (Citations omitted; internal quotation marks omitted.) Id., 108. In the present case, there is no evidence of a fiduciary relationship between the parties. Accordingly, the plaintiff must prove that the defendant intentionally concealed the existence of a cause of action.

of the Discover debt. He testified he never had reason to inquire into the origin of that debt prior to January, 2006.[4] He testified that he thought that the debt was connected with a home purchase that the parties had made prior to their divorce. The plaintiff has failed in his burden to demonstrate by clear, precise and unequivocal proof that the defendant acted intentionally to conceal the facts concerning the Discover card debt from the plaintiff. The defendant allowed the Discover card statements to be sent to the plaintiff—there is no evidence of the defendant's concealment. The plaintiff received the statements and, accordingly, he had notice of the existence of the facts necessary to establish his claim against the defendant. That the plaintiff, for personal reasons, failed to inquire about the origin of the balance, is not proof that the defendant intentionally concealed the facts necessary to establish the cause of action. The statute cannot be tolled on the ground of the defendant's fraudulent concealment.

As for the Bank of America cash reserve loan, the plaintiff testified credibly to the following facts, as supported by the documentary evidence. On April 14, 2004, the day that the parties' divorce was final, the plaintiff went to a local Bank of America branch office (then Fleet Bank) and had his name removed from the parties' joint checking account. The plaintiff had not seen the bank statements connected to that account for some time prior to April 14, 2004, as they were sent to the defendant's address in New York City. After the divorce, the parties intended that the formerly joint account

---

[4] The plaintiff's testimony regarding when he learned of the Discover account was inconsistent. For example, the plaintiff also testified that he was unaware that the defendant had opened the Discover card account until November, 2005. Nevertheless, the documentary evidence indicates that the plaintiff filed an affidavit of identity theft with discover on April 11, 2005, claiming that he did not open the account and that it was opened by his ex-wife without his authorization.

would remain in the defendant's name only. The plaintiff testified credibly that he did not know that the defendant had opened a line of credit connected to the joint checking account.

Nevertheless, the plaintiff was on notice as to the significant aspects of the cash reserve loan on January 14, 2005, when he discovered that Bank of America had transferred $10,671.24 from his personal account to pay the balance due on the cash reserve loan account held by the defendant. "Although § 52-595 does not explicitly say so, it clearly implies that [the] plaintiff's ignorance of the facts is a necessary element of tolling under that statute." *Martinelli* v. *Bridgeport Roman Catholic Diocesan Corp.*, 196 F.3d 409, 420 (2d Cir. 1999).[5] "There can be no concealment which will prevent the running of the statute of limitations where the cause of action is known to the plaintiff or there is a presumption of such knowledge." *Ortiz* v. *Bridgeport Hospital*, Superior Court, judicial district of New London, Docket No. CV-547104 (September 27, 2000) (*Corradino, J.*). Accordingly, the plaintiff has not met his burden of proving fraudulent concealment and, as a result § 52-595 will not toll the statute of limitations.

### III

The plaintiff also claims equitable estoppel as to both the Discover and Bank of America accounts. It is well established that the party claiming estoppel has the burden of proof. *Fischer* v. *Zollino*, 303 Conn. 661, 667,

---

[5] In this regard, *Martinelli* v. *Bridgeport Roman Catholic Diocesan Corp.*, supra, 196 F.3d 409, has been cited favorably by several Superior Court judges. See, e.g., *Moran* v. *Hirsch*, Superior Court, judicial district of Fairfield, Docket No. CV-08-5019081 (December 14, 2009) (*Levin, J.*); *The Zanker Group, LLC* v. *Summerville at Litchfield Hills, LLC*, Superior Court, judicial district of Waterbury, Complex Litigation Docket, Docket No. X10 CV-04-4010223 (March 6, 2007) (*Munro, J.*); *Ortiz* v. *Bridgeport Hospital*, Superior Court, judicial district of New London, Docket No. CV-547104 (September 27, 2000) (*Corradino, J.*).

35 A.3d 270 (2012). "Strong public policies have long formed the basis of the doctrine of equitable estoppel. The office of an equitable estoppel is to show what equity and good conscience require, under the particular circumstances of the case, irrespective of what might otherwise be the legal rights of the parties. . . . No one is ever estopped from asserting what would otherwise be his right, unless to allow its assertion would enable him to do a wrong. . . .

"There are two essential elements to an estoppel: the party [against whom it is asserted] must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do something to his injury which he otherwise would not have done. Estoppel rests on the misleading conduct of one party to the prejudice of the other. In the absence of prejudice, estoppel does not exist." (Internal quotation marks omitted.) Id., 668.

The court finds that the plaintiff has not met his burden of proof with respect to his claim of estoppel. He testified generally that the defendant made promises that she would pay the debt connected to the Discover and Bank of America accounts when he confronted her at her home in January, 2006. He further testified that these promises caused him to refrain from pursuing any action against the plaintiff sooner. This testimony was largely non-specific and self-serving and the court does not find it to be credible.[6] The essential element of

---

[6] The plaintiff testified that one such conversation with the defendant occurred in January, 2006, at which time she purportedly gave the plaintiff some money in satisfaction of one of the claimed debts. Given the inconsistencies and logical gaps present throughout the plaintiff's testimony, the court questions whether this conversation actually happened. The court notes that it also does not credit the testimony offered by the defendant's mother, who purported to establish a different time line for this meeting and denies that the plaintiff received money.

an estoppel—that the defendant engaged in misleading conduct—has not been demonstrated with respect to the Discover account. As noted previously, the plaintiff cannot credibly claim he was misled with respect to the Discover account, since he received all of the statements. As for the Bank of America account, there is no evidence of a change of position by the plaintiff that would have precluded him from timely commencing this action against the defendant.

## IV

Finally, the plaintiff argues that the amended complaint, which added the Bank of America count against the defendant, was timely filed "as of right" within thirty days of the return date of the original complaint and, as a result, properly relates back to the original complaint. The plaintiff cites Practice Book § 10-59 in support of this position.[7] In response, the defendant contends that the plaintiff's Bank of America count is barred by § 52-577 and that the relation back doctrine is inapplicable.

The principles governing the relation back doctrine are well established. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action

---

[7] Practice Book § 10-59 provides in relevant part: "The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day."

remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated . . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims . . . ." (Internal quotation marks omitted.) *Deming* v. *Nationwide Mutual Ins. Co.*, 279 Conn. 747, 775, 905 A.2d 623 (2006).

In the present case, the amended complaint asserts an entirely new cause of action that does not relate back to the original complaint. Therefore, as the defendant correctly asserts, the relation back doctrine is inapplicable. Moreover, the plaintiff's reliance on Practice Book § 10-59 is misguided. "Although § 10-59 generally allows for a plaintiff to correct defects in the complaint, it cannot be used to subvert the applicable statute of limitations." *Aglan* v. *Eldin*, Superior Court, judicial district of New Haven, Docket No. CV-02-0472114 (June 27, 2003) (*Arnold, J.*). Accordingly, the court finds that the Bank of America count commenced on January 15, 2008 and is therefore time barred.

## CONCLUSION

For the foregoing reasons, the court concludes that the plaintiff's claims are barred by the three year statute of limitations set forth in § 52-577.