******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DISCOVER BANK *v.* KEVIN P. HILL
(AC 34966)

Lavine, Alvord and Bishop, Js.

*Argued March 11—officially released May 13, 2014*

(Appeal from Superior Court, judicial district of
Ansonia-Milford, Hiller, J.)

*Daniel D. Skuret III*, with whom was *Patrick D.*

*Skuret*, for the appellant (defendant-third party plaintiff).

*Jonathan E. Von Kohorn*, with whom, on the brief, was *Tara L. Von Kohorn*, for the appellee (third party defendant Anapurna Duleep).

*Opinion*

ALVORD, J. The defendant-third party plaintiff, Kevin P. Hill, appeals from the judgment in favor of the third party defendant, Annapurna K. Duleep, rendered by the trial court after a two day bench trial.[1] The court concluded that the plaintiff's claims were barred by the three year statute of limitations set forth in General Statutes § 52-577.[2] On appeal, the plaintiff claims that the court improperly (1) failed to apply the statute of limitations applicable to actions for indemnification, (2) concluded that the relation back doctrine was not applicable to the second count of his amended complaint because it alleged an entirely new cause of action,[3] (3) failed to conclude that General Statutes § 52-595[4] was applicable because the defendant had fraudulently concealed the existence of the cause of action, and (4) failed to conclude that the statute of limitations had been tolled by the doctrine of equitable estoppel. We disagree and affirm the judgment of the trial court.

The court's memorandum of decision and the record reveal the following facts and procedural history. The plaintiff and the defendant were married on August 28, 1998. The parties separated in the fall of 2003, and the defendant left the marital residence. The plaintiff commenced a dissolution action. A judgment of dissolution was rendered on April 14, 2004, which incorporated the parties' separation agreement. In connection with the judgment, the parties filed updated financial affidavits that listed their assets and liabilities. The separation agreement provided that neither party had incurred liabilities other than those reflected in the affidavits and that neither party would incur future liabilities for which the other party would be liable. The agreement additionally provided that each party would "keep the other free, harmless and indemnified of and from any and all debts, charges and liabilities heretofore or hereafter contracted by each of them."

Approximately one month prior to the judgment of dissolution, the defendant, without the plaintiff's knowledge, opened a Discover card account in the plaintiff's name and transferred $5000 of debt from her personal American Express card to the Discover card. At or about the same time, the defendant also opened a cash reserve loan account connected with the parties' joint checking account at the Bank of America.[5] The plaintiff was not aware that the defendant had opened this line of credit because the bank statements were being sent to her address in New York City. The parties had agreed that, after the divorce was finalized, the formerly joint checking account would be taken over by the defendant and would remain in her name only. For that reason, the plaintiff had opened his own personal checking account with the Bank of America in March, 2004.

On April 14, 2004, the day that the judgment of dissolution was rendered, the plaintiff went to a local branch office of the Bank of America and had his name removed from the joint checking account. He later discovered that as of April 5, 2004, the balance on the cash reserve loan account associated with the formerly joint checking account was more than $8000. The defendant continued to draw on the cash reserve loan account after the divorce and owed the Bank of America more than $10,000 by November 3, 2004.

On January 13, 2005, the plaintiff attempted to use the debit card connected with his personal Bank of America checking account. When it was declined, he went to an automatic teller machine (ATM) to check on his available balance. The ATM receipt indicated that he had a zero balance in his personal account. On January 14, 2005, upon further inquiry, he was told that the Bank of America had transferred $10,671.24, the funds in his personal account, to pay the balance due and owing on the defendant's cash reserve loan account.

Discover Bank filed a small claims action against the plaintiff on October 23, 2006, seeking to recover $3340.15, which was the outstanding balance on the Discover card account. The plaintiff filed a motion to transfer the matter to the regular civil docket, which was granted on April 16, 2007. After the court granted the plaintiff's motion to cite in the defendant as a party, the third party complaint was served on the defendant on November 26, 2007. The initial third party complaint was comprised of one count that alleged that the defendant had fraudulently opened the Discover card account. On January 15, 2008, which was within thirty days of the return date, the plaintiff filed an amended third party complaint pursuant to Practice Book § 10-59. The amended third party complaint added a second count, which alleged that the defendant had opened a cash reserve loan account with the Bank of America, incurred debt in the plaintiff's name without his consent, and concealed the action from the plaintiff.

Thereafter, Discover Bank settled its claim against the plaintiff for $3340 and withdrew its complaint against him on July 21, 2009. The case proceeded to trial on the third party complaint on January 5 and February 3, 2012. The parties filed posttrial briefs, and, on August 6, 2012, the court issued its memorandum of decision. The court concluded that both counts of the plaintiff's action sounded in civil fraud and were governed by the three year statute of limitations set forth in § 52-577. The court found that the third party action with respect to the Discover card account had not been commenced within that requisite time period.

The court also found that count two, pertaining to the Bank of America cash reserve loan account, was

barred by § 52-577. The court determined that the statute of limitations began to run, at the latest, on January 13, 2005, when Bank of America transferred $10,671.24 from the plaintiff's personal checking account to pay the outstanding balance on the cash reserve loan account. The initial third party complaint did not include a claim with respect to the cash reserve loan account. The plaintiff filed an amended third party complaint to include that entirely new cause of action on January 15, 2008, which was outside the requisite three year period. The court further concluded that the statute of limitations had not been tolled by the alleged fraudulent concealment of the action by the defendant or by the doctrine of equitable estoppel. Accordingly, the court rendered judgment in favor of the defendant. This appeal followed.

The plaintiff's first claim is that the court improperly concluded that his action was time barred by § 52-577, which is the tort statute of limitations. The plaintiff argues that he had raised claims of indemnification pursuant to the parties' separation agreement. The separation agreement had been incorporated into the judgment of dissolution and contained an indemnification clause. He claims that, because it was undisputed that the defendant failed to include the Discover card account debt and the Bank of America cash reserve loan account debt on her financial affidavit, the court should have applied the statute of limitations applicable to actions for indemnification. In his appellate brief, the plaintiff cites General Statutes § 52-598a[6] and makes the following claim: "Based upon a claim for indemnification, the earliest the three (3) year statute of limitations would begin to run was from the date of settlement [with Discover Bank], March 26, 2009. Clearly the claims for indemnification were commenced within the applicable time period."[7]

The court's memorandum of decision does not include an analysis of the indemnification claim. A review of the trial transcript, however, discloses that the court and the parties' counsel discussed the indemnification provision found in the separation agreement. On the first day of trial, when the plaintiff was on the witness stand, the defendant's counsel objected when the plaintiff's counsel asked the plaintiff if he had entered into a separation agreement with the defendant at the time of the dissolution. The following colloquy took place among the court and the parties' counsel:

"[The Defendant's Counsel]: Objection. Objection, Your Honor. Relevancy with respect to the separation agreement. It is not covered by any of the two counts on plaintiff's complaint.

"The Court: Counsel?

"[The Plaintiff's Counsel]: It is covered, Your Honor. It is also covered by way of our claims for relief, where

we're claiming indemnification of damages pursuant to the separation agreement; it says that on the last page, Your Honor.

"The Court: You have a count for indemnification?

"[The Plaintiff's Counsel]: We do have a claim for indemnification, Your Honor.

"[The Defendant's Counsel]: There is no count for indemnification, Your Honor, not in the two counts.

\* \* \*

"The Court: Is there a count for breach of an agreement or breach of an agreement to pay, from which indemnification might result?

"[The Plaintiff's Counsel]: We did make a claim, Your Honor. Specifically we requested indemnification pursuant to the separation agreement entered into.

"The Court: That's a claim. Do you have a factual count explaining why you're entitled to indemnification?

\* \* \*

"The Court: Where is there an allegation that there was an agreement to indemnify? You have to have either an agreement to indemnify alleged in a count or you have to have a statute allowing indemnification. Those are the only two bases for indemnification that the court knows of.

"[The Plaintiff's Counsel]: Okay, Your Honor. In our complaint, we specifically indicated the fact that she never disclosed to the court on her financial affidavit and attached to the divorce decree and judgment, which is incorporated in the separation agreement, which I was getting to, was a copy of the financial affidavits, Your Honor, and . . . .

"The Court: Whoa. Whoa. Whoa. Plain and simple, is there a count in the complaint saying there was an agreement to indemnify for any losses suffered as a result of certain actions? I don't see it. And either there's a statute that provides indemnification or there's an agreement alleged, by which you're entitled to indemnification. I don't see it. The court could be wrong, but I don't see it, and until I see it in a count of the complaint, I don't think we have to go into it. So let's go and continue on the testimony of the witness.

"[The Plaintiff's Counsel]: Okay.

"The Court: Okay.

"[The Plaintiff's Counsel]: But it's a full exhibit and I should say a reply to their special defenses addresses that to Your Honor. And specifically, which we filed according to your allowing to amend, it specifically indicates it's in reply to their special defense. We do allege the divorce decree in agreement . . . .

"The Court: [Counsel] let's stop. Let's move on.

"[The Plaintiff's Counsel]: Okay.

"The Court: I could be wrong and maybe tonight you'll show me something that says that I'm wrong, that you have enough in there as an allegation and count for indemnification. I don't see it.[8] So for now let's proceed with the testimony.

"[The Plaintiff's Counsel]: Okay. Thank you, Your Honor."

The issue was not raised again during the trial. In the plaintiff's posttrial brief, there was no claim or argument addressed to § 52-598a, which is the statute of limitations applicable to actions for indemnification. The court did not address § 52-598a in its memorandum of decision because it was not an issue in the case. The plaintiff, if he intended to pursue that claim, should have presented the argument to the trial court that his amended third party complaint sufficiently alleged an action for indemnification. He did not and, instead, presents that claim to this court for review.

The plaintiff did not try his case to the trial court on the theory that his action was governed by the statute of limitations set forth in § 52-598a. After the court expressed its opinion that the third party complaint failed to allege an action for indemnification, the plaintiff focused on his arguments that (1) the Bank of America cash reserve loan account claim was made timely because his amendment to add the second count related back to the filing of the initial third party complaint, (2) the plaintiff fraudulently concealed the action from him, thereby extending the time for filing his claim, and (3) the statute of limitations was tolled by the doctrine of equitable estoppel. The plaintiff did not prevail on his claims as presented to the trial court and now attempts to resurrect on appeal a claim that the trial court previously rejected. "[A] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . ." (Internal quotation marks omitted.) *Albemarle Weston Street, LLC* v. *Hartford*, 104 Conn. App. 701, 709, 936 A.2d 656 (2007). Accordingly, we decline to review this claim.

With respect to the remaining claims of the plaintiff on appeal, we conclude that these issues were analyzed and resolved properly in the trial court's complete and well reasoned memorandum of decision. See *Discover Bank* v. *Hill*, 53 Conn. Supp. 257,    A.3d    (2014). We adopt that decision as the proper statement of the relevant facts, issues and applicable law, as it would serve no useful purpose for us to repeat the discussion contained therein. See, e.g., *Pellecchia* v. *Killingly*, 147 Conn. App. 299, 301–302, 80 A.3d 931 (2013).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff, Discover Bank, also known as Discover Card, commenced this action against the defendant, Kevin P. Hill, seeking to collect the unpaid balance on a credit card account. While the action was pending, Hill filed a motion to cite in Annapurna K. Duleep as a party defendant, which was granted by the court, *Levin, J.*, on November 5, 2007. Hill filed a third party complaint against Duleep on November 29, 2007. Thereafter, Discover Bank and Hill reached a settlement, and Discover Bank withdrew its complaint against Hill on July 21, 2009. The case proceeded to trial on the third party complaint. For the sake of convenience, we refer to Hill as the plaintiff and Duleep as the defendant in this opinion.

[2] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[3] Under the relation back doctrine, "a party properly may amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same. . . . If a new cause of action is alleged in an amended complaint . . . it will [speak] as of the date when it was filed." (Internal quotation marks omitted.) *Austin-Casares* v. *Safeco Ins. Co. of America*, 310 Conn. 640, 656, 81 A.3d 200 (2013).

[4] General Statutes § 52-595 provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."

[5] The Bank of America was then known as Fleet Bank.

[6] General Statutes § 52-598a provides: "Notwithstanding any provision of this chapter, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement."

[7] The plaintiff does not state when the statute of limitations set forth in § 52-598a would begin to run with respect to the cash reserve loan account. There was no evidence of any "judgment or settlement" with the Bank of America. As previously noted, Bank of America transferred the plaintiff's funds from his personal checking account to satisfy the amount owed under the cash reserve loan account.

[8] The amended third party complaint dated January 11, 2008, which is the operative complaint, has two counts. The first count is addressed to the Discover card account and alleged that the defendant: (1) fraudulently opened the account; (2) transferred her personal debt of $5000 from her American Express card account to the Discover card account; (3) incurred the Discover card debt in the plaintiff's name without his consent; (4) refused to make payments on the debt; (5) incurred the debt prior to the dissolution judgment; and (6) failed to list the debt on her financial affidavit. The first count does not mention the separation agreement or allege that the defendant was obligated to indemnify the plaintiff for his loss or liability in connection with the Discover card account.

The second count is addressed to the cash reserve loan account with the Bank of America. In that count, the plaintiff alleged that the defendant: (1) obtained $10,671.24 in connection with the cash reserve loan account; (2) used the money for her own personal use; (3) incurred the debt in the plaintiff's name without his consent; (4) refused to make payments on the debt; (5) incurred the debt prior to the dissolution judgment; (6) continued to incur additional debt in connection with the cash reserve loan account after the parties' divorce was finalized; (7) failed to list the debt on her financial affidavit; and (8) requested that the bank send the statements to her New York City address in order to conceal the debt from the plaintiff. The second count does not mention the separation agreement or allege that the defendant was obligated to indemnify the plaintiff for his loss or liability in connection with the cash reserve loan account.

In the third party complaint's prayer for relief, the plaintiff requested "[i]ndemnification pursuant to the [s]eparation [a]greement entered into with [the plaintiff] on April 14, 2004." As the trial court correctly observed, however, a cause of action for indemnification was not alleged in either count of the third party complaint. Simply including indemnification as a remedy sought in the prayer for relief did not convert the plaintiff's civil fraud action into an action for indemnification. The prayer for relief does not constitute a cause of action.